IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$100,000.00 IN UNITED STATES )<br>CURRENCY, more or less; )<br>)<br>Defendant. )<br>) | Case No. 18-01025 |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.  This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $100,000.00 in United States currency, more or less (hereinafter "defendant property"), for violations of 18 U.S.C. § 545.

## THE DEFENDANT IN REM

2. The defendant property consists of $100,000.00 in United States currency, more or less, which represents proceeds derived from the importation and sale of misbranded merchandise, and which was surrendered to the United States by check payable to the United States Marshal Service on or before December 31, 2017. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of violations of 18 U.S.C. § 545.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

*/s/ Sean Hatfield*

SEAN M.A. HATFIELD
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
T: (316) 269-6481
F: (316) 269-6484
KS S. CT No. 24098
sean.hatfield@usdoj.gov

## DECLARATION

I, Todd Blair, am a Special Agent with the United States Food and Drug Administration, Office of Criminal Investigations, Kansas City, Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 25 day of January, 2018.

*/s/ Todd Blair*
Special Agent Todd Blair
FDA

## AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE IN REM

I, Todd Blair, Special Agent of the United States Food and Drug Administration, Office of Criminal Investigations, after being duly sworn, declare as follows:

1. I am currently employed as a Special agent with the United States Food and Drug Administration, Office of Criminal Investigations (FDA-OCI). I am assigned to the Kansas City, Kansas, Field Office, which is in Mission, Kansas. I have been a Special Agent with FDA--OCI since December 2005. Prior to my employment with FDA-OCI, I was a Special Agent with the United States Secret Service for over nine years, during which time I was responsible for investigating multiple Title 18 violations associated with white collar financial crimes. I have completed the criminal investigator training at the United States Secret Service Academy in Beltsville, Maryland, and the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. In addition, I was employed with the Springfield, Missouri, Police Department for over five years. During this time, I conducted criminal investigations as a detective and as a narcotics investigator within the criminal investigation section. In my current position with the FDA-OCI, I am responsible for investigating violations of the Federal Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. § 301 et seq., and other associated federal statutes.

2. This affidavit is made in support of a Complaint for Forfeiture In Rem for $100,000.00 cash payment which was collected as proceeds from dispensing misbranded Botox that was smuggled into the United States, fraudulently declared as a non-prescription cosmetic items to the Customs and Border Protection Agency, and delivered through interstate commerce.

3. The information in this affidavit is information known to me because of my participation in this investigation including the interview of Dr. Seyed Sajadi and the factual

basis stipulated to by Dr. Sajadi in his plea agreement with the Government. Based on this information, there is probable cause to believe that a least $100,000 in proceeds generated from the misbranded Botox constituted proceeds of smuggling and is therefore forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C).

4. On December 15, 2015, CBP was conducting an international security package screening at the DHL facility in Kansas City, MO. CBP observed two international packages addressed to Seyed Sajadi that were labeled as "cosmetic products – non-restrictive." CBP opened the packages and located a total of 25 Botox vials (100 units powder per vial) in both packages. Allergan Security Personnel Jeffery Collins was contacted regarding authenticity of the product. Collins confirmed the lot number is an authentic Allergan Botox lot number. This batch was manufactured for and distributed almost exclusively in Great Britain. There were very small quantities from this batch that also went to Slovakia, Sri Lanka and Chile. Collins confirmed that the seized product is not approved by the Food and Drug Administration for the United States market.

5. Further investigation found Dr. Sajadi received a total of 22 international packages from September 2014 to December 2015. All 22 packages were shipped from Great Britain and consisted of weights from 3.5kg to 27kg. All 22 packages were declared as "cosmetic products" or "cosmetic products -- not restrict."

6. During the subsequent investigation, Dr. Sajadi confessed to ordering foreign unapproved Botox.

7. Criminal proceedings were initiated and ultimately, Dr. Sajadi pleaded guilty to receiving and causing the receipt of misbranded drugs in interstate

commerce, and delivering and proffering for delivery misbranded drugs for pay or otherwise.

8. On October 2, 2017, Dr. Sajadi was sentenced to a term of probation. At sentencing, the defendant consented and agreed to pay the United States $397,964.00 which the defendant agreed represents the proceeds derived from the importation and sale of misbranded merchandise.

9. Based on the information above, I have probable cause to believe that the $100,000 cash payment collected as proceeds by the United States on or before December 31, 2017, constitutes proceeds traceable to violations of 18 U.S.C. §§ 545 (Smuggling).

10. Accordingly, there is probable cause to believe that the $100,000 is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

_____
Todd Blair, Special Agent
Food and Drug Administration

Subscribed and sworn to before me in my presence on the 29 day of January, 2018.

RYAN PALMER
Notary Public, State of Kansas
My Appt Expires 3/29/2021

_____
Notary Public

3